Exhibit 1

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OLGA ZIKOVA,

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

        Defendants.

Case No. 26-cv-00592

**Judge Rebecca R. Pallmeyer**

**Magistrate Judge Daniel P. McLaughlin**

### PRELIMINARY INJUNCTION ORDER

Plaintiff OLGA ZIKOVA ("Zikova" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Zikova's Motion as follows.

This Court finds Zikova has provided notice to Defendants in accordance with the Temporary Restraining Order entered January 29, 2026, [20] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Zikova has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing versions of Zikova's federally registered copyrights, which are protected by United States Copyright Registration Nos. VA 2-456-842; VA 2-456-816; and VA 2-453-260 (the "Olga Zikova Works") to residents of Illinois. In this case, Zikova has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Olga Zikova Works. *See* Docket No. [16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Olga Zikova Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Zikova's previously granted Motion for Entry of a TRO establishes that Zikova has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Zikova will suffer irreparable harm if the injunction is not granted.

Specifically, Zikova has proved a *prima facie* case of copyright infringement because (1) the Olga Zikova Works is registered with the U.S. Copyright Office (2) Defendants are not licensed or authorized to use the Olga Zikova Works, and (3) Defendants' use of the Olga Zikova Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Zikova. Furthermore, Defendants' continued and unauthorized use of the Olga Zikova Works irreparably harms Zikova through diminished goodwill and brand confidence, damage to Zikova's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such

2

damage and, therefore, Zikova has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Olga Zikova Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Zikova product or not authorized by Zikova to be sold in connection with the Olga Zikova Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Zikova product or any other product produced by Zikova, that is not Zikova's or not produced under the authorization, control, or supervision of Zikova and approved by Zikova for sale under the Olga Zikova Works;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Zikova, or are sponsored by, approved by, or otherwise connected with Zikova; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Zikova, nor authorized by Zikova to be sold or offered for sale, and which bear any of Zikova's registered copyrights, including the Olga Zikova Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Zikova's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Zikova expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Temu, and Walmart, or other

4

merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4.   Upon Zikova's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Olga Zikova Works.

5.   Any Third Party Providers, including Amazon, Temu, and Walmart, shall, within seven (7) calendar days of receipt of this Order:

   a.   locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Olga Zikova, and any e-mail addresses provided for Defendants by third parties; and

   b.   restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6.   Zikova may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Olga Zikova and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "ouasbuy and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from

5

payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7.    Plaintiff's Exhibit 2 to the Declaration of Olga Zikova [16], and the TRO [20] are unsealed.

8.    Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9.    The fifty thousand dollar ($50,000) bond posted by Zikova shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

_____
Rebecca R. Pallmeyer
United States District Judge

Dated:  February 12, 2026

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

REBEKAH LEIGH MARSHALL,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No. 26-cv-00836

**Judge Rebecca R. Pallmeyer**

**Magistrate Judge Jeffrey T. Gilbert**

**PRELIMINARY INJUNCTION ORDER**

Plaintiff REBEKAH LEIGH MARSHALL ("Marshall" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Marshall's Motion as follows.

This Court finds Marshall has provided notice to Defendants in accordance with the Temporary Restraining Order entered January 29, 2026, [18] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Marshall has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing versions of Marshall's federally registered copyright, which are protected by United States Copyright Registration Nos. VA 2-457-774; VA 2-453-778; and VA 2-459-622 (the "Rebekah Leigh Marshall Work") to residents of Illinois. In this case, Marshall has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Rebekah Leigh Marshall Work. *See* Docket No. [16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Rebekah Leigh Marshall Work.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Marshall's previously granted Motion for Entry of a TRO establishes that Marshall has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Marshall will suffer irreparable harm if the injunction is not granted.

Specifically, Marshall has proved a *prima facie* case of copyright infringement because (1) the Rebekah Leigh Marshall Work is registered with the U.S. Copyright Office (2) Defendants are not licensed or authorized to use the Rebekah Leigh Marshall Work, and (3) Defendants' use of the Rebekah Leigh Marshall Work is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Marshall. Furthermore, Defendants' continued and unauthorized use of the Rebekah Leigh Marshall Work irreparably harms Marshall through diminished goodwill and brand confidence, damage to Marshall's reputation, loss of exclusivity,

and loss of future sales. Monetary damages fail to address such damage and, therefore, Marshall has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1.    Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a.  using the Rebekah Leigh Marshall Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Marshall product or not authorized by Marshall to be sold in connection with the Rebekah Leigh Marshall Work;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Marshall product or any other product produced by Marshall, that is not Marshall's or not produced under the authorization, control, or supervision of Marshall and approved by Marshall for sale under the Rebekah Leigh Marshall Work;

    c.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Marshall, or are sponsored by, approved by, or otherwise connected with Marshall; and

    d.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Marshall, nor authorized by Marshall to be sold or offered for sale, and which bear any of Marshall's registered

copyrights, including the Rebekah Leigh Marshall Work, or any reproductions, infringing copies, or colorable imitations.

2.   Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3.   Upon Marshall's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Marshall expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a.   the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b.   the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c.   any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of

4

any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon and Walmart, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Marshall's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Rebekah Leigh Marshall Work.

5. Any Third Party Providers, including Amazon and Walmart, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Rebekah Leigh Marshall, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Marshall may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Rebekah Leigh Marshall and any e-mail

5

addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "TangYinXianZhongXinQiCheZuLinFuWu and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Schedule A to the Complaint [2], Exhibit 2 to the Declaration of Rebekah Leigh Marshall [16], and the TRO [18] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The fifty thousand dollar ($50,000) bond posted by Marshall shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Rebecca R. Pallmeyer
United States District Judge

Dated: February 18, 2026

6